UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TROY LUCAS,

                          Petitioner,

      -against-

LOCAL RAPPER KEVIN BOOKER (K-BANGAH),

                          Respondent.

21-CV-8475 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Troy Lucas, who is currently a patient in the Manhattan Psychiatric Center, a New York State facility, brings this petition for *habeas corpus* under 28 U.S.C. § 2241. By order dated October 22, 2021, the Court granted Petitioner's application to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court denies the petition.

**STANDARD OF REVIEW**

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of

procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings his claims using the court's form, Petition for A Writ of Habeas Corpus Under 28 U.S.C. § 2241. In response to nearly every question on the form, Petitioner either checks the "no" box or writes "N/A," including questions asking for his name and information regarding the conviction he purports to be challenging. (*See* ECF 2, at 1-6.)

In response to the question on the form asking him to state the grounds that supports his claim that he is being held in violation of the Constitution, laws, or treaties of the United States, Petitioner writes for Ground One: "Stole my song after it had copyright on it + still used it." (*Id.* at 6.) Where he is asked to describe facts supporting this ground for relief, Petitioner writes, "no cruel nor unusual punishment[,] taxation[,] $75,000." (*Id.* at 7.)

For his second ground for relief, Petitioner writes, "usage of the words nigga + bitch[.] I don't use such language in song[.] [H]e lives at 345 Classon Ave. Apt. #13G 11205[.]" (*Id.*) In support of his second ground for relief, Petitioner writes, "abolishment of slavery[,] freedom of speech is limited[.]" (*Id.*)

In the section to state a third ground for relief, Petitioner writes, "He (Kevin Booker) smoke crack + killed my mother in 2015[.]" (*Id.*) In support, he writes, "He threatened my whole family not to tell me what he did to them[.]" (*Id.*)

Finally, Petitioner writes for his fourth ground for relief, "He want to bring back the darkskin + lightskin beef of the 80s and 90s[.]" (*Id.* at 8.)

In the section of the petition form to specify the relief requested, Petitioner states that he is seeking $75,000. (*Id.*)

## DISCUSSION

Under Section 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody must generally challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under Section 2241 as to a state pre-trial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order). Whether state pretrial detainees may also challenge conditions of confinement in a Section 2241 petition is an open question, not addressed by the Second Circuit. *See McPherson v. Lamont*, 457 F. Supp. 3d 67, 75-78 n.3 (D. Conn. 2020) (noting that "eight of the eleven circuits that have addressed the issue have concluded that claims challenging prison conditions cannot be brought in a § 2241 habeas petition, but must instead be brought under § 1983").[1]

Here, Lucas brought his claims using a Section 2241 petition form, but nothing in his submission suggests that he is seeking *habeas corpus* relief under Section 2241. Lucas does not allege that he is in custody pursuant to a state or federal conviction, and he does not assert that he is challenging a conviction. Nor does he allege that he is being held as a pretrial detainee. Finally, nothing in Lucas's submission suggests that he is challenging his conditions at the

---

[1] Federal prisoners challenging the conditions of their confinement and seeking injunctive relief may do so in a petition brought under 28 U.S.C. § 2241. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see, e.g., Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation").

Manhattan Psychiatric Center. Because Lucas does not allege that he is in custody in violation of the Constitution or laws of the United States, the Court denies the petition.[2]

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   November 16, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[2] If Petitioner seeks to bring a claim against Booker, he is free to file a new civil action. If Petitioner files a new civil action against Booker, he must allege facts demonstrating that the court has subject matter jurisdiction to consider his claims. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.